# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TAMMIE S. CRISP,**

      **Plaintiff,**

  v.                              **Civil Action 2:19-cv-2401**
                                       **Judge Michael H. Watson**
**COMMISSIONER OF SOCIAL**          **Magistrate Judge Chelsey M. Vascura**
**SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Tammie S. Crisp ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 15), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 402(g) for further consideration consistent with this Report and Recommendation.

## I.    PROCEDURAL HISTORY

Plaintiff protectively filed her application under Title II of the Social Security Act for a period of disability and disability insurance benefits on July 10, 2015. (R. 227–33.) She filed an application under Title XVI for supplemental security income that same day. (*Id*. at 234–39.) In

both applications, Plaintiff alleged a disability onset of April 17, 2015.  (*Id*. at 227, 234.)  Plaintiff's applications were denied initially on October 21, 2015, and upon reconsideration on January 28, 2016.  (*Id*. at 133–48, 151–62.)  Plaintiff sought a hearing before an administrative law judge.  (*Id*. at 163.)  Administrative Law Judge Irma Flottman (the "ALJ") held a hearing on March 20, 2018, at which Plaintiff, represented by counsel, appeared and testified.  (*Id*. at 18.)  Vocational expert Jerry A. Olsheski (the "VE") also appeared and testified at the hearing.  (*Id*. at 18, 29.)  On June 29, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.* at 18–31.)  On April 8, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (*Id*. at 1–4.)  Plaintiff then timely commenced the instant action.  (ECF No. 1.)

In her Statement of Errors (ECF No. 11), Plaintiff asserts that, in determining her mental residual functional capacity ("RFC"), the ALJ (i) failed to properly account for all of the limitations noted by State agency psychologists and (ii) improperly discredited the opinion of her treating psychiatric nurse practitioner.  The undersigned finds that Plaintiff's first contention of error requires remand of the case, and so does not make a finding as to her second contention of error.

## II. THE ADMINISTRATIVE DECISION

On June 29, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. 18–31.)  The ALJ first found that Plaintiff meets the insured status requirements through December 31, 2020.  (*Id*. at 21.)  At step one of the

sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since April 17, 2015, the alleged onset date of Plaintiff's disability. (*Id.*) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with spondylosis and a bulging disc; left eye blindness; major depressive disorder; bipolar disorder; generalized anxiety disorder; and panic disorder with agoraphobia. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 21–22.)

At step four, the ALJ set forth Plaintiff's RFC as follows:

After careful consideration of the entire record, the claimant has the residual functional capacity to lift and carry up to 50 pounds occasionally and 25 pounds frequently; stand and walk up to six hours in an eight-hour workday; and sit up to six hours in an eight-hour workday. Additionally, she can never climb ladders, ropes and scaffolds; must avoid all exposure to hazards such as moving machinery and unprotected heights; has limited peripheral acuity and depth perception due to left eye blindness; is limited to simple, routine, and repetitive tasks and instructions; and can occasionally interact with the public, co-workers, or supervisors.

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

(*Id*. at 24.) In assessing Plaintiff's RFC, the ALJ considered the opinion evidence in the record, including the opinions of State agency psychologists Cynthia Kampshaefer, PsyD, who reviewed Plaintiff's claim at the initial level, and Irma Johnston, PsyD, who reviewed Plaintiff's claim on reconsideration. Dr. Kampshaefer opined that Plaintiff "can adapt to work settings in which duties are routine and predictable. Social functioning is limited, but adequate for superficial and occasional interactions." (*Id*. at 87.) Dr. Johnston repeated that opinion, adding only that Plaintiff should be in a work setting "without a fast pace." (*Id*. at 114.) The ALJ assigned "great" weight to the opinions of Drs. Kampshaefer and Johnston, explaining as follows:

> As far as the opinion evidence regarding the claimant's mental impairments, the undersigned gives great weight to the opinions of the state agency consultants indicating the claimant's mental impairments limit her to simple, routine, and repetitive work with superficial and occasional social interaction (1A; 2A; 5A; 6A). These opinions were also offered by highly qualified psychologists who are considered experts in the evaluation of the medical issues in disability claims and are consistent with the objective medical evidence showing that the claimant is generally cooperative with adequate hygiene, appropriate eye contact, a clear thought process, no difficulty understanding or carrying out instructions, intact memory and concentration, and the ability to repeat digits and perform basic calculations (5F; 9F; 13F; 20F). However, the portion of this opinion indicating that claimant is limited to superficial interactions is somewhat ambiguous and does not easily translate into specific, work-related limitations.

(*Id*. at 28.)

At step five of the sequential process, relying on the VE's testimony, the ALJ found that Plaintiff is not capable of performing past relevant work as a front-end supervisor. (*Id.* at 29–30.) The ALJ further found that jobs exist in significant numbers in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id*. at 30.) Examples include machine feeder, dining room attendant, and packing machine tender. (*Id*.) The ALJ further found that Plaintiff is capable of making a successful adjustment to such employment. (*Id*. at 31.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id*.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

The undersigned finds that remand is required as to Plaintiff's first contention of error because the ALJ assigned great weight to the opinion of the State agency psychologists, yet failed to explain why she declined to include two of their opined non-exertional limitations in the RFC or otherwise explain how the RFC she assessed accommodated these limitations.

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:08-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). An ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (internal footnote omitted).

First, although the ALJ restricted Plaintiff to occasional interactions with others, the ALJ did not incorporate the psychologists' opinion that Plaintiff required a work environment with only superficial interactions. (*See Id*. at 24, 87, 114.) Rather, the ALJ stated only that "the portion of [the consultants'] opinion indicating the claimant is limited to superficial interactions is somewhat ambiguous and does not easily translate into specific, work-related limitations." (*Id*. at 28.) This explanation is inadequate. Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the

interactions—including a limitation to "superficial" interaction. *See*, *e.g., Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Barker v. Astrue*, No. 5:09-cv-1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred in failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that [p]laintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited [p]laintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent [p]laintiff can interact with co-workers and supervisors (whereas ALJ Hafer found that [p]laintiff was limited to superficial contact with such individuals)."). Put simply, "superficial interaction" is a well-recognized, work-related limitation. The ALJ's contention that such a limitation, as reflected in the State agency psychologists' opinions, is "ambiguous and does not easily translate into specific, work-related limitations" is therefore untenable. The undersigned therefore finds the ALJ's explanation lacking, which necessitates remand. *See Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-cv-374, 2013 WL 6909170, at *12

7

(N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-cv-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (reversing and remanding where "[t]he ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

Second, the ALJ likewise failed to explain why she did not incorporate Dr. Johnston's recommendation that Plaintiff be limited to a work-setting "without a fast pace," despite affording her opinion "great weight." (*See* R. at 24, 114.)

Certainly, an ALJ is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But where, as here, the ALJ assigns great weight to a particular opinion and states it is consistent with the record, she must incorporate the opined limitations or provide an explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports her decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v.*

8

*Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that remand is warranted because the ALJ assigned significant weight to the State agency psychologists' opinions, but failed to include limitations for "superficial" interactions or a work setting "without fast pace" or offer an adequate explanation for why she failed to do so or how the RFC she assessed accommodated those limitations.

This finding obviates the need to analyze and resolve Plaintiff's remaining contention of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignment of error if appropriate.

## V. DISPOSITION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE