**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Tammie S. Crisp,**

    Plaintiff,

    v.

**Commissioner of Social Security,**

    Defendant.

Case No. 2:19-cv-2401

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Magistrate Judge Vascura issued a Report and Recommendation ("R&R") in this social security case, which recommended the Court reverse the Commissioner of Social Security's ("Defendant") non-disability finding and remand this case for further consideration. R&R, ECF No. 16. Specifically, the R&R concluded that the Administrative Law Judge ("ALJ") gave great weight to the opinions of two State agency psychologists, Dr. Cynthia Kampshaefer ("Dr. Kampshaefer") and Dr. Irma Johnston ("Dr. Johnston") and yet failed to incorporate two of their opinions into his Residual Functional Capacity ("RFC") determination. *Id.*

First, the R&R concludes that both doctors opined that Plaintiff should be restricted to a work environment that involved only superficial interaction with others and that, while the ALJ gave great weight to their opinions, the ALJ failed to incorporate this aspect of their opinions into the RFC. The ALJ limited Plaintiff

to only occasional interaction with others and stated, "the portion of [the consultants'] opinion indicating the claimant is limited to superficial interactions is somewhat ambiguous and does not easily translate into specific, work-related limitations." *Id.* The R&R concludes that the ALJ's statement regarding his failure to limit Plaintiff to superficial interaction was inadequate given that "superficial interaction" is a "well-recognized, work-related limitation." *Id.*

Second, the R&R concludes that the ALJ failed to incorporate, or explain why he did not incorporate, Dr. Johnston's opinion that Plaintiff should be limited to a work environment that did not involve a fast pace. *Id.*

Defendant objects to the R&R, arguing the Magistrate Judge "contradicted Agency policies." Obj., ECF No. 17. Defendant argues the ALJ rejected the doctors' recommendation that Plaintiff be limited to superficial interactions with others and properly supported that rejection because the term "superficial interactions" is not defined in the "regulations, SSRs, HALLEX, or Dictionary of Occupational Titles" but rather only in unpublished district court decisions. *Id.* at 2. Moreover, Defendant argues, any error in this regard was harmless as the Vocational Expert testified that the jobs provided at step five involved superficial contact. *Id.* at 2–3.

Second, Defendant argues the ALJ had no obligation to incorporate into the RFC analysis Dr. Johnston's opinion that Plaintiff was unable to work at a fast pace. *Id.* at 3. Defendant argues that the ALJ gave great weight to Dr.

Kampshaefer's opinion, which did not include a "no fast pace" limitation, and the ALJ's RFC adequately took Plaintiff's mental limitations into account.  *Id.*

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b).  Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions.  *Id.*

Upon such *de novo* review, the Court concludes Defendant's objections lack merit.

First, the ALJ does not explicitly reject the opinion that Plaintiff be limited to superficial interaction with others.  Rather, the ALJ purports to give even that aspect of the opinion great weight but then states that it is difficult to translate it into work-related limitations.  R. 28.  It is thus not clear whether the ALJ rejected that portion of the doctors' opinion as ambiguous or accepted it but concluded that he could not formulate work-related restrictions to accommodate the limitation.  Either way, the ALJ's explanation is insufficient for the reasons addressed by the Magistrate Judge.  Further, Dr. Kampshaefer and Dr. Johnston's opinions regarding superficial interaction related to the general public, R. 99, 114, and the Vocational Expert's testimony regarded superficial interaction only with coworkers, R. 72–73.  Thus, this error is not harmless.

Second, although the ALJ had no obligation to adopt Dr. Jonhston's opinion regarding pace, the ALJ gave her opinion great weight and yet failed to incorporate that aspect of the opinion with absolutely no explanation as to why it was not incorporated.  R. 28.

Defendant's objections are therefore **OVERRULED**.  The R&R is **ADOPTED**, Defendant's non-disability finding is **REVERSED**, and this case is **REMANDED** to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with the Report and Recommendation, ECF No. 16.

**IT IS SO ORDERED.**

    __*/s/ Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**